UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

VICTOR ORTIZ,

                              Plaintiff,

         - against -

CITY OF NEW YORK, et al.,

                             Defendants.

**ORDER**

18 Civ. 9990 (PGG) (OTW)

---------------------------------------------------------------

PAUL G. GARDEPHE, U.S.D.J.:

        On October 29, 2018, pro se Plaintiff Victor Ortiz commenced this Section 1983 action against six John Doe correctional officers and the Department of Corrections, seeking damages for injuries sustained in an alleged assault by the individual Defendants. (Cmplt. (Dkt. No. 2) at 5)

        On March 7, 2019, this Court issued an Order of Service dismissing Plaintiff's claims against the Department of Corrections and construing those claims as against the City of New York. (Dkt. No. 9 at 2) The Order directs the City of New York "to ascertain the identities of the John Doe Defendants . . . and the addresses where these Defendants may be served" pursuant to Valentin v. Dinkins, 121 F.3d 72, 76 (2d Cir. 1997). The order further provides that "[w]ithin thirty days of receiving this information, Plaintiff must file an amended complaint naming the John Doe Defendants." (Id. at 3)

        On October 27, 2019, this Court referred this case to Magistrate Judge Ona T. Wang for general pretrial supervision. (Dkt. No. 20)

        In a December 4, 2019 letter, Defendant City of New York (the "City") identified the John Doe Defendants and provided addresses for service. (Dkt. No. 22) The City's letter

further states that Plaintiff had been released on parole on October 31, 2019, and was "no longer at the address listed on the docket." (Id. at 2)

On December 9, 2019, Judge Wang directed Plaintiff to file an amended complaint by January 10, 2020. (Dkt. No. 23) The order warned that "[i]f Plaintiff fails to file an amended complaint by that date, the Court may recommend that the case be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b)." Judge Wang further advised Plaintiff that he must "provide the Court with an updated mailing address," and that a "[f]ailure to keep the Court apprised of current contact information may be deemed a failure to prosecute." (Id.) Judge Wang's December 9, 2019 order was returned as undeliverable on December 19, 2019.

On February 26, 2020, Judge Wang sua sponte extended the deadline to file an amended complaint and provide the Court with a current mailing address to March 27, 2020. The order warned that "[f]ailure to do so may result in my recommending dismissal for failure to prosecute." (Dkt. No. 26) Judge Wang's February 26, 2020 order was returned as undeliverable on March 10, 2020.

On April 2, 2020, Judge Wang again sua sponte extended the deadline for Plaintiff to file an amended complaint to September 1, 2020. (Dkt. No. 27) The Order also directed Defendants to "to search for Plaintiff's updated address and to mail a hard copy of this Order and a hard copy of the current docket report to that address. . . ." (Id.)

On May 7, 2020, the City submitted an updated address for Plaintiff and mailed copies of Judge Wang's April 2, 2020 order, a docket report, and a copy of its December 4, 2019 Valentin response to Plaintiff at the updated address. (Dkt. Nos. 29, 30)

On October 14, 2020, Judge Wang issued an order directing Plaintiff to show cause by November 4, 2020, why she "should not recommend dismissing this case for failure to prosecute." (Dkt. No. 31)  The Order warned that "[f]ailure to respond will result in a recommendation of dismissal." (Id.)  Judge Wang's October 14, 2020 order was mailed to Plaintiff at his address of record and the updated address provided by Defendants.  Only the copy of the order mailed to Plaintiff's address of record was returned as undeliverable.  Plaintiff did not take any action.

On June 4, 2021, Judge Wang issued a Report and Recommendation ("R&R") recommending that Plaintiff's claims be dismissed without prejudice for failure to prosecute. (Dkt. No. 32)  The R&R warns that a "failure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review." (Id. at 3) (emphasis omitted)  Plaintiff did not file any objections to the R&R.

In reviewing a magistrate judge's R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  When no objections are filed to a magistrate judge's report and recommendation, "a district court need only satisfy itself that there is no 'clear error on the face of the record' in order to accept the recommendation." Austin v. Lynch, No. 10-CV-7534 (JPO) (GWG), 2011 WL 6399622, at *1 (S.D.N.Y. Dec. 20, 2011) (citing Fed. R. Civ. P. 72(b) advisory committee note); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision.").

Before dismissing a case for failure to prosecute under Federal Rule of Civil Procedure 41(b), courts consider five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether . . . a sanction less drastic than dismissal [would be effective].

Baptiste v Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (internal quotation marks and citation omitted). "No single factor is . . . dispositive." Id.; see also Harding v. Goord, 135 F. App'x 488, 488-89 (2d Cir. 2005) (affirming dismissal where pro se plaintiff repeatedly refused to comply with discovery demands and court orders); Brown v. Pulgarin, No. 17-CV-1677 (VSB) (KHP), 2018 WL 5723120, at *2 (S.D.N.Y. Nov. 1, 2018) (adopting R & R recommending dismissal where pro se plaintiff had not complied with court-ordered deadlines).

       As to the first factor, more than two years have passed since Judge Wang first directed Plaintiff to file an amended complaint. Moreover, more than ten months have passed since Judge Wang ordered Plaintiff to show cause why this action should not be dismissed for failure to prosecute. Accordingly, the first factor supports dismissal. See Salem v. City of New York, 16 Civ. 7562 (JGK), 2017 WL 6021646, at *2 (S.D.N.Y. Dec. 4, 2017) ("A delay of eight months to one year in prosecuting a case 'falls comfortably within the time frames found sufficient in successful Rule 41(b) motions to dismiss.'") (quoting Peters-Turnball v. Bd. of Educ. of N.Y.C., No. 96 Civ. 4914, 1999 WL 959375, at *2-3 (S.D.N.Y. Oct. 20, 1999)); Avila v. Comm'r of Soc. Sec., 15-cv-2456, 2016 WL 1562944 (JGK), at *3 (S.D.N.Y. Apr. 18, 2016) (dismissing for failure to prosecute where seven months had elapsed)).

       As to the second factor, Plaintiff has received ample notice that a failure to notify the Court of his address might result in dismissal of his case. Plaintiff was notified in December 9, 2019, February 26, 2020, April 2, 2020, and October 14, 2020 orders that his action might be dismissed for failure to prosecute if he did not file an amended complaint and update his address.

4

(Dkt. Nos. 23, 26, 27, 31) Therefore, the second factor weighs in favor of dismissal. See Salem, 2017 WL 6021646 at *3.

As to the third factor, "[t]he Court can presume that the defendants have been prejudiced and will continue to be by further delay whereas here the plaintiff has already been unresponsive for a long period of time." Beauford v. Doe #1, No. 04 Civ. 7533 JGK, 2007 WL 549432, at *1 (S.D.N.Y. Feb. 16, 2017). As noted, more than two years have elapsed since Plaintiff was first directed to file an amended complaint and update his address, and ten months have passed since Judge Wang issued an order to show cause why this action should not be dismissed for failure to prosecute. Therefore, the third factor weighs in favor of dismissal.

As to the fourth factor, Judge Wang sought to protect Plaintiff's right to due process by warning Plaintiff on four occasions that a failure to file an amended complaint and update his address might result in dismissal of his claims. Plaintiff did not notify the Court of any change of address, and he has not contacted the Court since June 27, 2019. On balance, the fourth factor weighs in favor of dismissal.

As to the fifth factor, dismissal of the Complaint without prejudice is the appropriate sanction. "[B]ecause the plaintiff has failed to file a current address with the Court, there is no lesser sanction [besides dismissal] which could be effective." Laney v. Ramirez, No. 10 Civ. 9063(JGK), 2011 WL 6594491, at *1 (S.D.N.Y. Dec. 22, 2011); see also Baker v. Smartwood, No. 9:00 Civ. 1189 (GTS) (GJD), 2008 WL 5423436, at *1 (N.D.N.Y. Dec. 30, 2008). "Lesser sanctions cannot be effective in this case because any other sanction imposed on the plaintiff would likely never reach the plaintiff due to the plaintiff's failure to provide a current address." Salem, 2017 WL 6021646, at *3. Also, "a plaintiff's pro se status should weigh in

5

favor of dismissal without prejudice." Id. (citing LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 210 (2d Cir. 2001); Waters v. Camacho, 288 F.R.D. 70, 71-72 (S.D.N.Y. 2013)).

This Court finds no error in Judge Wang's conclusion. Accordingly, the R&R is adopted in its entirety and Plaintiff's claims are dismissed without prejudice for failure to prosecute. The Clerk of Court is respectfully directed to mail a copy of this Order to Victor Ortiz, 1607 North 9th Street, Reading, PA 19604, and to Victor Ortiz, 1365 Fifth Ave, Apt. 17B, New York, NY 10027, and to close this case.

Dated: New York, New York
       September 1, 2021

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge